NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**3M COMPANY,**
*Appellant*

**v.**

**EVERGREEN ADHESIVES, INC., FKA WESTECH AEROSOL CORPORATION,**
*Appellee*

_____

2020-1738

_____

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2018-00576.

_____

Decided:  June 25, 2021

_____

PRATIK A. SHAH, Akin Gump Strauss Hauer & Feld LLP, Washington, DC, argued for appellant.  Also represented by Z.W. JULIUS CHEN; MICHAEL P. KAHN, New York, NY; RUBEN H. MUNOZ, Philadelphia, PA.

ROBERT GREENSPOON, Flachsbart & Greenspoon, LLC, Chicago, IL, argued for appellee.

_____

Before PROST, CLEVENGER, and STOLL, *Circuit Judges.*

CLEVENGER, *Circuit Judge.*

I

This case began when Appellant 3M Company ("3M") filed a petition for *inter partes* review under 35 U.S.C. § 311, seeking to invalidate claims 1–28 of U.S. Patent No. 7,705,056 ("the '056 patent") on the ground of obviousness, pursuant to 35 U.S.C. § 103. The '056 patent is titled "Aerosol Adhesive and Canister-Based Aerosol Adhesive System." The Patent Trial and Appeal Board of the U.S. Patent and Trademark Office ("Board") agreed with 3M that certain claims of the '056 patent are invalid as obvious, but the Board determined that 3M had failed to demonstrate that dependent claims 3 and 4 would have been obvious. The Board initially stated its decision in its Final Written Decision, which it sustained in its decision rejecting 3M's Request for Rehearing. *3M Co. v. Westech Aerosol Corp.*, No. IPR2018-00576, 2019 WL 3729475 (P.T.A.B. Aug. 7, 2019) (Final Written Decision) ("*Final Written Decision*"); *3M Co. v. Westech Aerosol Corp.*, No. IPR2018-00576, 2020 WL 578975 (P.T.A.B. Feb. 4, 2020) (Decision Denying Petitioner's Request for Rehearing) ("*Rehearing Decision*").

3M, in its Request for Rehearing, argued that the Board's Final Written Decision erred in rejecting 3M's obviousness challenge to claims 3 and 4. 3M's argument for rehearing was supported by citation to a declaration of 3M's expert, Dr. Prud'homme. In denying 3M's request, the Board stated that "Petitioner's remaining explanation that a person of ordinary skill in the art would have selected three pressure levels within the levels taught by the Carnahan Publication and Braud . . . was not advanced in the briefing and is referenced only through citation to the expert reports." *Rehearing Decision* at *3. The Board rejected 3M's Request for Rehearing as an attempt to introduce argument by citation to its expert's declaration in violation of 37 C.F.R. § 42.6(a)(3), the Board's rule against

incorporation by reference. *Id*. 3M timely appealed the Board's decision to our court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A).

II

The Board's rules concerning trial practice are set forth in 37 C.F.R. Chapter 1, Subchapter A, Part 42 (Trial Practice Before the Patent Trial and Appeal Board). Section 42.6 of the rules concerning Filing of Documents, regarding incorporation by reference, provides that "[a]rguments must not be incorporated by reference from one document into another document." 37 C.F.R. § 42.6(a)(3). When promulgating § 42.6(a)(3), the Patent and Trademark Office explained that the rule "minimizes the chance that an argument would be overlooked and eliminates abuses that arise from incorporation and combination," Rules of Practice for Trials Before the Patent Trial and Appeal Board and Judicial Review of Patent Trial and Appeal Board Decisions, 77 Fed. Reg. 48,612, 48,617 (Dep't of Commerce Aug. 14, 2012), and noted that without the rule, the Board would be forced to "play archeologist with the record" for arguments that might have been made outside the parties' briefing, *id.* (citing *DeSilva v. DiLeonardi*, 181 F. 3d 865, 866–67 (7th Cir. 1999)).

Citing § 42.6, the Board refused to consider 3M's central argument in its Request for Rehearing because the Board determined that this argument was provided only by way of improper incorporation by reference to testimony offered by 3M's expert, Dr. Prud'homme. The Board stated that "Petitioner's argument on rehearing amounts to a contention that we overlooked Petitioner's invitation to formulate arguments on their behalf, search the record for pertinent facts, and inject our own reasoning. That is not our role." *Rehearing Decision* at *3.

At oral argument before our court in this appeal, 3M agreed that to succeed on appeal it must convince us that the Board erred in excluding the evidence offered by Dr.

Prud'homme through incorporation by reference. Recording of Oral Argument at 22:33–22:48 (June 10, 2021), http://oralarguments.cafc.uscourts.gov/default.aspx?fl=20-1738_06102021.mp3. We review the Board's application of its incorporation-by-reference rule for abuse of discretion. *See e.g. Intelligent Bio-Sys., Inc. v. Illumina Cambridge Ltd.*, 821 F.3d 1359, 1367 (Fed. Cir. 2016). Thus, unless 3M can convince us that the Board abused its discretion in declining to consider Dr. Prud'homme's testimony, its appeal will fail. The Board abuses discretion if its decision "(1) is clearly unreasonable, arbitrary, or fanciful; (2) is based on an erroneous conclusion of law; (3) rests on clearly erroneous fact finding; or (4) involves a record that contains no evidence on which the Board could rationally base its decision." *Id.* (citation omitted).

As an initial matter, we note that, regarding this dispositive issue, 3M's principal brief on appeal is almost silent, merely stating that "factual assertions with a citation to three pages of Dr. Prud'homme's deposition testimony and 10 (of the 170) paragraphs of his supplemental declaration . . . is a far cry from impermissible incorporation by reference." Appellant Br. at 31. 3M's brief cites a single case, *Expedia, Inc. v. International Business Machines Corp.*, No. IPR2018-01136, 2019 WL 2511366 (P.TA.B. June 17, 2019), in support of 3M's view that the Board misapplied its incorporation-by-reference rule in this case.

The Board's decision in *Expedia* is inapposite. In *Expedia*, the Board held that its rule against incorporation by reference was not violated by citation to an expert's declaration in support of the Petition's clear argument that the two references qualified as prior art. 3M offers no reasoning or analysis from that decision which would compel a result in 3M's favor on the record before us. There is no dispute that a Petition or other filing before the Board may permissibly "rely on [an expert declaration] to support its contention with expert testimony." *Id.* at \*2. At issue here is the Board's determination that 3M's filings never

sufficiently made the relevant "contention" or argument at all, and instead supported 3M's position entirely by reference to Dr. Prud'homme's declarations and testimony. 3M has not pointed to any place in the record where Dr. Prud'homme's arguments as stated in the Request for Rehearing were previously explained in a manner sufficient to avoid improper incorporation by reference.[1]

At issue in this appeal is 3M's obviousness Ground 4, in which 3M asserted that various claims of the '056 patent (including dependent claims 3 and 4, the claims on appeal) would have been obvious over U.S. Patent Publication No. 2002/0161056 (the "Carnahan Publication") in view of U.S. Patent No. 5,931,354 ("Braud") and the knowledge of a person of skill in the art. *See* J.A. 165–68[2] (Petition for *Inter Partes* Review). The Carnahan Publication (which is an abandoned parent application in the '056 patent's priority chain) teaches a single-propellant canister system which "sprayed out exactly the same" at either 120 psi or 300 psi.[3] Braud teaches a canister system comprising a liquefied

---

[1]    3M did not cite and seek to distinguish cases in which we have upheld, on the abuse of discretion standard of review, the Board's enforcement of § 42.6(a)(3) by rejection of expert declarations incorporated by reference into other documents. *See, e.g., Gen. Access Solutions Ltd. v. Sprint Spectrum L.P.*, 811 F. App'x 654 (Fed. Cir. 2020); *Bos. Sci. Neuromodulation Corp. v. Nevro Corp.*, 813 F. App'x 572 (2020).

[2]    Citations to "J.A. ___" refer to the Joint Appendix filed by the parties.

[3]    Because we resolve this appeal on the basis of the Board's incorporation-by-reference determination, we need not reach the parties' arguments or the Board's statements about whether the Carnahan Publication is properly understood as disclosing the range between 120 psi and 300 psi.

first propellant and a second propellant which is a compressed inert gas. In particular, the preferred embodiment of Braud cited by 3M's expert teaches that the "pressure in the cylinder" is "a minimum of 220 psi[] and preferably . . . about 240–250 psi." J.A. 568. Claims 3 and 4 of the '056 patent claim, in relevant part, a system wherein "said compressed gas is pressurized in said canister to about 200 psi" (claim 3) or "in a range of about 160–200 psi" (claim 4). '056 patent, 9:44–48.

In its Petition for *Inter Partes* Review, regarding Ground 4, 3M asserted only that "[i]t was within POSA knowledge to alter the pressures disclosed in *Carnahan Publication* and *Braud* to about 200 psi [or to 160–200 psi] as part of routine optimization," citing paragraph 117 of Dr. Prud'homme's declaration in support of this assertion. J.A. 166. In its Decision on Institution of *Inter Partes* Review, the Board stated that "questions have been raised regarding the evidentiary support for the rationale applied by Petitioner to adjust certain pressures, concentrations, and percentages, through 'routine optimization' to arrive at the claimed values," and stated that "[t]he parties should address these issues during the trial." J.A. 1942. Petitioner's Reply was somewhat more specific, mentioning a person of skill's selection of three variables at three levels to perform the optimization, but 3M's Reply does not specifically state that one of these variables is pressure and does not specifically justify selection of a pressure value below the "minimum of 220 psi" taught by Braud. J.A. 4350–51. It does not appear that either party raised the issue of the "minimum of 220 psi" taught by Braud at the oral hearing before the Board. *See generally 3M Co. v. Westech Aerosol Corp.*, No. IPR2018-00576 (P.T.A.B. May 1, 2019), Paper 46 (Record of Oral Hearing).

In its Final Written Decision, the Board concluded that 3M had failed to carry its burden to show that claims 3 and 4 would have been obvious. *Final Written Decision* at *14. In contrast with its filings up to that point, 3M's

subsequent Request for Rehearing devoted most of seven pages to the issue of the 220 psi "minimum" taught by Braud and why a person of skill would allegedly depart below this pressure value to optimize the obviousness combination in Ground 4, citing various statements and testimony of Dr. Prud'homme in support of its arguments. J.A. 6038–44. As discussed, the Board concluded in its Decision Denying Petitioner's Request for Rehearing that 3M's argument in the Request for Rehearing regarding "*why* a person of ordinary skill in the art would have had selected certain pressures in the values claimed [i.e., 160–200 psi or approximately 200 psi] in the first instance" while optimizing the combination of the Carnahan Publication and Braud "was not advanced in the briefing and is referenced only through citation to the expert reports." *Rehearing Decision* at *3 (citing 37 C.F.R. § 42.6).

We agree with the Board that the Request for Rehearing contained the first clear articulation of 3M's argument regarding why the 220 psi "minimum" taught by Braud did not pose an obstacle to a finding that claims 3 and 4 were obvious under 3M's Ground 4. As discussed above, the arguments about routine optimization in 3M's Petition and Petitioner Reply are skeletal at best, and these filings do not mention the 220 psi "minimum" teaching of Braud at all. Thus, we are not persuaded that the Board abused its discretion when it concluded that 3M's arguments were present in the briefing prior to the Final Written Decision only in the form of improper incorporation by reference to Dr. Prud'homme's testimony.

## III

For the foregoing reasons, we affirm the Board's decision rejecting 3M's obviousness challenge to dependent claims 3 and 4 of the '056 patent.

## AFFIRMED

8                    3M COMPANY v. EVERGREEN ADHESIVES, INC.

## COSTS

No costs.